UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PRIMERICA LIFE INSURANCE
COMPANY, a foreign corporation

    Plaintiff,

v.                                        Case No: 5:17-cv-330-Oc-PRL

ELIZABETH M. BRASWELL,
KIMBERLY F. HAMILTON, CHERYL
L. LARSON, LARRY A. MYERS, JR. ,
DENNIS S. MYERS, JANINE A.
MYERS and LARRY A. MYERS, JR.

    Defendants.

## ORDER

In this case, Plaintiff, Primerica Life Insurance Co. ("Primerica"), has filed a complaint for Interpleader against Defendants pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335. The underlying dispute arises from competing claims presented to Primerica regarding a life insurance policy for $50,000 on the life of decedent Larry A. Myers. The competing claimants include decedent's widow, Janine A. Myers, and several adult children of decedent. There are currently a number of motions pending in the case, including Primerica's motion to dismiss Defendant Janine Myers' counterclaim (Doc. 30), and Janine Myers' motion for judgment on the pleadings (Doc. 48). As those motions deal directly with the merits of this case, they are taken under advisement and will be addressed by the Court when ripe and in due course.

Meanwhile, the Court will address several other pending matters in this litigation.

**I. Background**

Primerica filed this action for Interpleader as a disinterested stakeholder pursuant to 28 U.S.C. § 1335 as a result of several competing claims presented to it by Defendants. The pertinent background facts are as follows.

On April 14, 2017, decedent Larry A. Myers died in Marion County, Florida. (Doc. 1, ¶ 18). At the time of his death, he held life insurance policy number xx-xxxx0108 with Primerica in the amount of $50,000.

As alleged in the Complaint, decedent initially applied for the policy in June, 1987 with Plaintiff's predecessor, Massachusetts Indemnity and Life Insurance Company. At that time, decedent requested coverage on his life in the amount of $50,000, a spouse rider covering his then wife Gloria in the amount of $20,000, and child riders in the amount of $5,000 for children Kimberly Myers, Denise Myers, Cheryl Basserman, and Elizabeth Basserman. (Doc. 1, ¶ 14). The policy was issued on or about July 3, 1987. (Doc. 1, ¶ 15).

In December 2001, decedent and his then wife Gloria Myers divorced and entered into a Martial Settlement Agreement (Doc. 1, p. 44). The terms of that agreement required each spouse to maintain life insurance policies for the benefit of the children, who were to be named as "irrevocable beneficiaries" and the policies were to remain in effect for the life of each party. (Doc. 1, p. 46-47). In Paragraph 10, the agreement provided that "Husband shall maintain the life insurance family policy with CNA Insurance, policy number 3417067, insuring himself in the amount of $50,000 and insuring the Wife and children for $5,000." The children were to be named irrevocable beneficiaries of the policies, which were to remain in effect for the life of each party. (Doc. 1, p. 46-47).

Decedent married Janine Myers in 2008. On July 8, 2015, decedent completed a Primerica Coverage Election Form and deleted the spouse rider coverage from the policy. Decedent also changed his beneficiary, designating Janine Myers, his wife, as the primary beneficiary of the policy. (Doc. 1, ¶ 16).

Decedent died on April 17, 2017. His widow, Defendant Janine Myers has presented a claim for the policy benefits to Plaintiff Primerica on the basis of her designation as primary beneficiary. Decedents' children, Elizabeth, Kimberly, and Cheryl have also made a claim for the policy benefit through their attorney. (Doc. 1, ¶ 20). The children assert that pursuant to the terms of the Marital Settlement Agreement, they are entitled to the policy benefit. (Doc. 1, ¶ 20). Meanwhile, Larry A. Myers, Jr. and Dennis Myers claim that they are beneficiaries and entitled to the policy benefit because they are the deceased's biological children. (Doc. 29, p. 2). As to the discrepancy between the policy identified in the Marital Settlement Agreement and Final Judgment and the Primerica policy in place at decedents' death, it is apparently the children's position that the wrong insurance company name and policy number was included through a clerical error. (Doc. 51-1).

Indeed, recently decedent's former wife, Gloria Myers sought relief in state court, seeking a determination that a clerical error was included in the Final Judgment regarding her and decedent's divorce. (Doc. 51-1). The state court, however, declined to address that issue, citing the pendency of this action in federal court and the fact that Primerica was not a party to the state court action. The state court action was stayed pending the outcome of this litigation. (Doc. 51-1).

Meanwhile, the Court notes that soon after this action commenced, Defendant Janine Myers filed a counterclaim for breach of contract against Plaintiff Primerica, and cross-claims against decedent's adult children for tortious interference with a business contract. (Doc. 14).

Defendant Janine Myers also moved for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11(b). (Doc. 19). Recently, however, Defendant Myers withdrew that motion seeking sanctions, but not until Primerica had responded (Doc. 29), and after the motion had been pending over two months. (Doc. 52). Currently pending are Plaintiff's motion to dismiss Defendant Myers' counterclaim (Doc. 58), Plaintiff's motion to interplead the policy benefit into the Court's registry, for dismissal, and for its attorney's fees (Doc. 36), and Plaintiff's motion for judgment on the pleadings (Doc. 48), which is not yet ripe.

## II.     Plaintiff's Motion for Interpleader Deposit

Plaintiff has moved for an entry of an Order permitting Primerica to interplead the policy benefit into the Court's registry, enjoining the Defendants from instituting or continuing any proceedings against Primerica, dismissing Primerica as a party to this action, and awarding Primerica its attorney's fees and costs. (Doc. 36).

It is well-settled that district courts have broad and significant powers in an interpleader action. *Wachovia Bank, N.A. v. Tien*, 534 F.Supp.2d 1267, 1285 (S.D. Fla. 2007). Interpleader actions are designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit. *State Farm Fire & Casualty v. Tashire*, 386 U.S. 523, 534 (1967). The purpose of an interpleader action is to "allow the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any claimant to the fund ...." *Johnson v. Johnson*, 139 F.2d 930, 933 (5th Cir.1943). And, the Supreme Court has stated that the federal interpleader statute "is remedial and to be liberally construed." *Tashire*, 386 U.S. at 533.

An interpleader action under 28 U.S.C. § 1335 typically involves two stages. In the first stage, the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Star Insurance Co. v. Cedar Valley Express*, LLC, 273 F.Supp.2d 38, 41 (D.D.C.2002). District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested and, if so, discharge it from liability and dismiss it from the action. This practice is particularly common in cases involving competing claims to life insurance proceeds where the interpleading insurers – as disinterested stakeholders – deposit the res into the court's registry and request immediate dismissal from the action. *See e.g., John Alden Life Ins. Co. v. Vanlandingham*, 2006 WL 1529047 at *5 (M.D.Fla. May 30, 2006) (granting plaintiff's motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from case with prejudice); *Dunn v. Harris Corp.*, 560 F.Supp.2d 1260, 1262 (M.D.Fla.2008) (noting that disinterested stakeholder's motion for interpleader was granted and that stakeholder was entitled to be dismissed from case).

Here, Plaintiff has established that there is a single fund at issue, and that there are adverse claimants to that fund. Defendant Janine Myers does not dispute that competing claims exist, including her own claim and claims on behalf of her deceased husband's adult children. Nor does Janine Myers dispute that decedent Larry Myers' five adult children have retained legal counsel to pursue their claims to the policy funds, and that their counsel has sent correspondence to Plaintiff regarding their entitlement to the funds. (Doc. 1, p. 41). Rather, Defendant Janine Myers argues that at the time Plaintiff initiated this action, it lacked a legitimate, bona fide fear of exposure to competing claims. Defendant Janine Myers' argument is essentially that Plaintiff should have disregarded the adult children's claims because the claims are meritless and lack support.

The merit of the respective claims, however, is expressly not something that Primerica is required to judge. To the contrary, in order to state a cause of action for interpleader, a stakeholder must only show that it has been or may be subjected to adverse claims. *See Jacques v. Prudential Ins. Co. of Am.*, 8:16-cv-1297-T-33TGW, 2016 WL 3746538, at *3 (M.D. Fla. July 12, 2016). *See also Ohio Nat'l Life Assurance*, 2006 WL 3162354, at *2 ("[T]he stakeholder need not judge the merits of the claims."). Importantly, the court does not need to analyze the merits of the claims until the second stage of interpleader, where it is determined who is rightfully entitled to the funds. *Id.* at * 3.

At this stage, it is sufficient that Primerica has been presented with adverse claims on behalf of multiple parties and that the competing claims cannot be simultaneously satisfied. *See* 28 U.S.C. § 1335(a)(1). Further, there is no dispute that two or more of the claimants are of diverse citizenship as required under the statute. While the majority of the claimants (Elizabeth Braswell, Kimberly Hamilton, Cheryl Larson, and Janine Myers) are residents of Florida, claimant Larry A. Myers, Jr., is a resident of Georgia, and Dennis S. Myers is a resident of Maryland. See *State Farm Fire & Casualty v. Tashire*, 386 U.S. 523, 530 (1967) (statutory interpleader only requires minimal diversity among at least two adverse claimants).

Accordingly, the Court finds that the requirements for interpleader under 28 U.S.C. § 1335(a)(1) have been met. Plaintiff Primerica Life Insurance Company shall deposit the disputed funds into the Court's registry. As a neutral stakeholder, typically Plaintiff would be entitled to be discharged from this action and, upon its payment into the court's registry, would have no further obligations under the policy. Presently, however, Plaintiff's discharge from this action is premature, as it has been complicated by both a claim and motion filed by Defendant Janine Myers. There are currently two pending motions involving Plaintiff that reach the merits of this case: (1)

Plaintiff's motion to dismiss Janine Myers' counterclaim (Doc. 30); and (2) Janine Myers' motion for judgment on the pleadings, for which Plaintiff has recently been granted an extension until December 1, 2017 to file a response. Due to the pendency of these issues, as well as the question of attorney's fees, the Court will refrain from discharging Plaintiff from this litigation until a future appropriate stage of proceedings.

### III. Plaintiff's Motion for Attorney's Fees

Plaintiff has also moved for its attorney's fees. (Doc. 36). Disinterested stakeholders may be awarded attorneys' fees and costs for their participation in the interpleader action. *See United States v. Sentinel Fire Ins. Co.,* 178 F.2d 217, 236 (5th Cir.1950) (noting that "[a]n incident of the equitable remedy of interpleader is the allowance of attorney's fees and court costs to a wholly disinterested stakeholder who brings money or other property into court."). "[A]lthough such awards are within the court's discretion, they are common where the [disinterested] stakeholder has acted in good faith." *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir.1982).

In Plaintiff's motion filed October 11, 2017 (Doc. 36), Plaintiff states that it has incurred attorney's fees in the amount of $19,321.65 in this action, which includes fees generally incurred and fees incurred in responding to Janine Myers' counterclaim and motion for sanctions. In its response in opposition to the motion for sanctions, Plaintiff has sought to recover its fees incurred in connection with the motion for sanctions, which totaled $6,140.25. (Docs. 29 & 36, p. 6). And, although the Court observes that Defendant Janine Myers has withdrawn the motion for sanctions, the withdrawal of that motion does not necessarily moot the issue of attorney's fees. As previously observed, the motion was not withdrawn until it had been pending over two months, well after Plaintiff was obliged to respond.

Further, the Court notes that while the other co-defendants do not object to Plaintiff's interpleader deposit, they do object to an award of attorney's fees to Plaintiff. Accordingly, the Court will allow the parties an additional opportunity to brief the issue of Plaintiff's entitlement to attorney's fees.

**IV.     Conclusion**

Upon due consideration, it is hereby ordered that:

(1) Plaintiff's motion to interplead policy benefits into the registry of the court (Doc. 36) is **GRANTED**. Plaintiff Primerica Life Insurance Company shall deposit the disputed policy funds into the Court's registry. Further, Plaintiff Primerica Life Insurance Company is recognized as a neutral stakeholder in this action.

(2) If Plaintiff desires, on or before **December 15, 2017**, it may file a renewed motion for attorney's fees, including a detailed itemization of attorney's fees sought in this case. In doing so, Plaintiff should list <u>all</u> its fees requested, and whether such fees were incurred generally or in response to specific claims or motions, such as Defendant Janine Myers' motion for sanctions. The remaining parties may then file a response within the time permitted by the Local Rules.

(3) In advance of the deadline of **December 1, 2017** for Plaintiff to file a response to Defendant Janine Myers' motion for judgment as a matter of law, the parties are encouraged to meet and confer in good faith to resolve the issues raised by both that motion and by Defendant Janine Myers' counterclaim against Plaintiff. In light of the Court's acknowledgement of Plaintiff as a neutral stakeholder in this litigation, the parties should consider whether those matters (Docs. 30 & 48) require resolution by the Court, or whether certain claims or motions could be withdrawn, and thus minimize

the expenditure of further effort (and additional attorney's fees). On or before **December 1, 2017**, the parties may file a written notice outlining whether and to what extent they have been able to resolve the issues raised by Plaintiff's motion to dismiss Defendant Janine Myers' counterclaim (Doc. 30) and Defendant Janine Myers' motion for judgment on the pleadings (Doc. 48).

(4) Defendant Janine Myers' first motion to stay federal proceedings (Doc. 34) is **MOOT**, as it has been withdrawn (Doc. 46 & 51).

**DONE** and **ORDERED** in Ocala, Florida on November 22, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties